HOT SPRINGS RAILROAD COMPANY *v.* WILLIAMSON.

Opinion delivered December 12, 1903.

COVENANT FOR PEACEABLE POSSESSION—BREACH.—A complaint which alleges that defendants granted to plaintiff company a right of way to maintain a railroad across any lands owned by them, with a covenant for peaceable possession, and that the covenant was broken by a suit for and recovery of damages for the maintenance of a railroad on a street between lots owned by them and abutting on such street, without alleging that defendants owned any portion of such street, fails to allege a cause of action.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This is an action by the Hot Springs Railroad Company against C. S. Williamson and Fannie G. Williamson to recover damages on account of a breach of a covenant for quiet enjoyment. The plaintiff alleged in its complaint as follows:

"Par. 1. That it is a corporation duly organized and incorporated under the laws of this state for the construction, maintenance and operation of a railroad from Malvern, in Hot Spring

county, to the city of Hot Springs, in Garland county, and is located in and through each of said counties. That the defendants on the 10th day of April, 1880, in consideration of the sum of $200 to them paid by the plaintiff, bargained, sold and conveyed to the plaintiff, by their deed duly executed and acknowledged, the right of way of the width of six rods through, over and upon all the lands owned by them in the said counties of Hot Spring and Garland, for the purpose of locating and maintaining a railroad over, across, through and upon said land, in either of said counties, upon or across which the line of said railroad was then, at the time of said conveyance, or might thereafter be, located.

"And the defendants in their deed covenanted with the plaintiff that it should quietly enjoy the peaceable possession of said right of way, without interference or molestation by the defendants, their heirs or personal representatives. Said deed and covenant are in words as follows, to-wit:

" 'This deed of conveyance made and entered into this the 10th day of April, 1880, by and from Fannie G. Williamson and Curnel S. Williamson, her husband, of the first part, and the Hot Springs Railroad Company of the second part; witnesseth,

" 'That the said party of the first part, for and in consideration of the benefits and advantages to result to them by the location and construction of the line of the Hot Springs Railroad upon, over and across the following described lands by said party of the second part, or their assigns, and for the further consideration of the sum of $200 to them in hand paid by the said party of the second part, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents do grant, convey and confirm, unto the said party of the second part the right of way of the width of six rods for the purpose of locating, constructing and maintaining said railroad over, across, through or upon any land owned by them, situate or being in the counties of Garland and Hot Spring, or either, and state of Arkansas, and it is hereby expressly understood, between the parties to these presents, that it is intended by this deed to convey unto the said railroad company, and their assigns, the right of way aforesaid over, across, through or upon any lands owned by or belonging to said party of the first part upon or across which the line of said railroad is or may hereafter be located by said party of the second

part, or their assigns, agents, or attorney, without any further or more particular description thereof.

" 'To have and to hold the above described right of way and premises, together with all and singular the privileges and appurtenances thereunto belonging, in fee simple, unto the said party of the second part, or their assigns, forever.

" 'And the said parties of the first part hereby covenant to and with the said party of the second part that they shall, without interference or molestation by said parties of the first part, their heirs, executors or administrators, have, hold and enjoy quiet and peaceable possession of said above granted premises, for the uses and purposes aforesaid.'

"And plaintiff alleges that the defendant at the time of the aforesaid conveyance owned the following land situated in Garland county, viz:

"Lot nine (9) in block sixty-nine (69) and lots one (1) and two (2) in block seventy-eight (78) in the city of Hot Springs; that lot nine (9) aforesaid had a lateral frontage on the south side of Benton street, one of the streets of said city, and lots one (1) and two (2) aforesaid abutted or fronted on the north side of said street; lot one (1) in block seventy-eight (78) being directly opposite lot nine (9) in block sixty-nine (69), and said lots constituting the north and south boundaries of that part of said street upon which they are located.

"During the year 1881, and after the execution of the aforesaid deed and covenant on the part of the defendants to the plaintiff, plaintiff located and constructed its said railroad in a skillful and proper manner in and upon Benton street between the lots owned by the plaintiff and abutting on said street as aforesaid, and was in the quiet and peaceable possession, occupation and enjoyment thereof from thence until the 10th of October, 1882, when the defendants, in violation and disregard of their aforesaid covenant with the plaintiff, instituted an action at law against the plaintiff in the circuit court of Garland county for the recovery of damages for injury which they allege had accrued to the aforesaid lots and to their easement in Benton street abutting their said lots, and for injury and impairment of their right of access from said lots to and from said street, by reason of the

location, construction and maintenance of said railroad by plaintiff in and upon said street in alleged violation of their rights and easements in said street as adjacent landowners.

"Plaintiff filed its answer to the complaint in said cause, and at the September term, 1883, of said court, said cause was tried before a jury, selected and impaneled, and the defendants recovered of the plaintiff the sum of $2,275 for damages by reason of their alleged injuries, and the cost of said proceeding, and the plaintiff thereupon prayed and obtained an appeal from said judgment to the supreme court, where the same was reviewed and affirmed at the November term, 1885 [45 Ark. 429]. Whereupon plaintiff sued out a writ of error from the judgment of affirmance rendered by the supreme court of this state in said cause to the supreme court of the United States; and afterwards, at the October term, 1889, of the supreme court of the United States, said cause was heard on the transcript of the aforesaid proceedings and assignment of errors filed by plaintiff therein, and the rulings of the supreme court of this state were thereupon affirmed [10 Sup. Ct. 955, 34 L. Ed. 355] and afterwards, on the —— day of ——, a mandate from the supreme court of the United States was filed with the clerk of the supreme court of this state in said cause, and the plaintiff was compelled to, and did, pay to the defendants the sum of $3,000 in satisfaction of said judgment and the costs of said proceedings, and in addition thereto was compelled to expend divers other large sums, viz:

"One thousand dollars for attorney's fees and other expenses incurred in defending the aforesaid action.

"Plaintiff states that, prior to the beginning of the aforesaid action by the defendants herein against it, the aforesaid deed from defendants to plaintiff was mislaid, and the existence thereof was not discovered by plaintiff, or made known to its attorney in said litigation, until after the conclusion of said suit, and the payment of the judgment recovered by defendants against the plaintiff as aforesaid.

"Whereupon plaintiff avers that the defendants have failed to keep and perform their aforesaid covenant, but, on the contrary, the said defendants did not suffer or permit the plaintiff to peaceably and quietly enjoy said right of way and premises without interference or molestation of the said defendants, according to

the form and effect of their said covenant in the said deed contained, to plaintiff's damage in the sum of $4,500, and plaintiff prays judgment for said sum."

In another paragraph of its complaint plaintiff alleged that the defendants, in violation of their said covenant, instituted a proceeding in equity in the circuit court of Garland county, in which they sought "to have plaintiff's said railroad, and the improvements and appurtenances incident and necessary thereto, removed from said street, and abated as a nuisance;" that, upon the hearing of said cause upon .the merits, the court dismissed it; and "that it was put to great trouble, loss and expense in defending said action and had to expend large sums, to-wit, the sum of $3,000, in employing attorneys, taking testimony, preparing exhibits and other expenses necessarily incurred in and about the defense of said action; and asked judgment for $3,000, as damages for the breach of the covenant.

In a third paragraph of its complaint it made substantially the same allegations as are contained in the first paragraph, and set out the same cause of action.

Defendants demurred to the complaint, and the court sustained their demurrer; and, the plaintiff electing to stand upon its complaint, and declining to plead further, a judgment was rendered in favor of the defendants, dismissing the action, and for costs, and the plaintiff appealed.

*J. M. Moore* and *W. B. Smith,* for appellant.

The words "over, across, through and upon any land owned by them" include any land in which the grantors had any interest or right of use or easement. Washburne, Easm. 35-36; Lewis, Em. Dom., § § 54, n4, 55, 56 and 42. See, generally, upon the liability in the covenant and the right of action therein: 5 Wend. 164; 6 Wend. 472; 19 Johns. 126. Commencement of an action denying the title of the grantee, or setting up a superior title, constitutes a breach of the covenant of the grantor for quiet enjoyment. See cases *supra* and also 23 Wis. 207; 14 Pa. St. 338; 8 Mod. 318. Separate action for breach of the covenant lies. 3 Martin (La.) 260; 25 N. Y. 306; 4 Gray, 50; 13 Gray, 413; 52 N. H. 132. The covenanter, upon being notified, must defend suits questioning the title warranted by him. 20 Ark. 262-3.

BATTLE, J. (after stating the facts.)   Appellees granted to appellant a "right of way, of the width of six rods, for the purpose of locating, constructing and maintaining a railroad *over, across, through or upon* any land owned by them, situate or being in the counties of Garland and Hot Spring, or either, and covenanted that it should quietly and peaceably enjoy the possession of the same.   No other right of way or property was protected by this covenant.

Appellant did not allege in its complaint that it located or constructed its railroad "over, across, through or upon" any land owned by the appellees, but that it located and constructed it in and upon Benton street, in the city of Hot Springs, between the lots owned by the appellees and abutting on said street.   There is no allegation that the appellees owned Benton street, or any interest therein, which they could grant as a right of way, or that appellant held, claimed or appropriated any part of the lots abutting thereon for right of way.

On the 10th of October, 1882, appellees brought an action for the recovery of damages for the injury which they alleged "had accrued to their lots and to their easement in Benton street, * * * and for injury and impairment of their right of access from said lots to and from said street by reason of the location, construction and maintenance of said railroad * * * in and upon said street in alleged violation of their rights and easements in said street as adjacent landowners."   If this be true, they did not thereby disturb the quiet enjoyment by appellant of any right of way granted to it by appellees over their lands or protected by their covenants, but recovered damages for the injury to their lots caused in the manner stated in appellant's complaint.   These damages, or the rights or property out of the injury to which they arose, were not incident to, or any part of, the right of way granted by appellees; the railroad having been constructed in a street of the city of Hot Springs.   They had not waived such damages, and, under the constitution of this state, were entitled to recover them. *Hot Springs R. Co.* v. *Williamson*, 45 Ark. 429.

In the second paragraph of its complaint appellant fails to show a cause of action.   Appellees covenanted that it should have quiet and peaceable possession of the right of way granted

by them.   No paragraph in the complaint shows a breach of this covenant.

Judgment affirmed.